IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:22-CV-00268-RJC-DSC

| | |
|---|---|
| MUSHINGE MUMENA, ) </br> ) </br> Plaintiff, ) </br> ) </br> v. ) </br> ) </br> ) </br> STEPHEN DECKER AND ) </br> STONE CREEK GLOBAL LTD., ) </br> ) </br> Defendants. ) | **MEMORANDUM AND** </br> **RECOMMENDATION** |

**THIS MATTER** is before the Court on Defendants' "Motion to Dismiss Pursuant to Forum Non Conveniens and Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6)," Doc. Nos. 22 and 24, filed November 11, 2022.

The Motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and is now ripe for the Court's consideration.

Having fully considered the arguments, record, and applicable authority, the undersigned respectfully recommends that Defendant's Motion to Dismiss be **GRANTED**.

## I. FACTUAL BACKGROUND

Accepting the factual allegations in the Amended Complaint as true, Plaintiff is a resident of Charlotte, North Carolina. Defendant Stephen Decker is a resident of Presto, Pennsylvania. Defendant Stone Creek Global is a company organized under the laws of the British Virgin Islands with its principal executive office located there. Plaintiff entered into a Loan Agreement dated March 9, 2020, whereby Defendants agreed to loan him up to one million dollars in

multiple tranches. Plaintiff agreed to pay interest on the loan following receipt of each payment. Defendants were obligated to provide necessary wire information for a financial account into which Plaintiff could make the interest payments. As security for the loan, Plaintiff pledged approximately fifty-seven million shares in Arc Minerals Ltd., a British Virgin Islands company. The shares were valued at over three million dollars. Defendants subsequently sold the shares. Plaintiff never received funds from the sale of those shares.

Section 10.15 of the Loan Agreement titled "Consent to Jurisdiction; Venue; Jury Trial Waiver" contained a forum selection clause stating the parties consent "to the exclusive jurisdiction of the courts sitting in the British Virgin Islands . . . for the purpose of any suit, action, or other proceeding by any party to this Loan Agreement arising out of or related in any way to this Loan Agreement, the Note, the Pledge Agreement or any related document." Doc. No. 23, at 5. In April 2021, Plaintiff filed a lawsuit against Stone Creek in the courts of the British Virgin Islands that was stayed until the resolution of Defendants' Motion here.

Plaintiff asserts causes of action for (1) fraud, (2) breach of contract, (3) breach of the implied covenant of good faith and fair dealing, (4) unjust enrichment, (5) conversion, and (6) violation of the North Carolina Unfair and Deceptive Trade Practices Act.

## II. DISCUSSION

A forum-selection clause agreed upon by the parties "represents the parties' agreement as to the most proper forum" and "enforcement of valid forum-selection clauses, bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice system." Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Tex., 134 S.Ct. 568, 581 (2013). "[A] valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases." Id. The party opposing the forum-selection clause bears the burden of showing that

enforcement of the clause is unwarranted.  Id.  "[C]ourts enforce forum selection clauses unless it would be unreasonable to do so…." BAE Sys. Tech. Sol. & Servs. v. Republic of Korea's Def. Acquisition Program Admin., 884 F.3d 463, 470 (4th Cir. 2018).

Plaintiff has failed to carry his burden of showing that the forum selection clause should not be enforced. He repeatedly alleges that Defendants "fraudulently induced" him to enter into the Loan Agreement. Conclusory allegations such as these do not negate the validity of the forum selection clause. For those and the other reasons stated in Defendant's briefs, the undersigned recommends that the Motion be granted.

### III.  RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Defendants' "Motion to Dismiss Pursuant to Forum Non Conveniens and Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6)," Doc. Nos. 22 and 24, be **GRANTED**.

### IV.  NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same.  Failure to file objections to this Memorandum with the Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315–16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989).  Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845–46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to the parties' counsel <u>and to the Honorable Robert J. Conrad, Jr.</u>

**SO ORDERED.**

Signed: February 9, 2023

_____
David S. Cayer
United States Magistrate Judge