UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:22-cv-00268-RJC-SCR

| | |
|---|---|
| MUSHINGE MUMENA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>STEPHEN DECKER and STONE CREEK )<br>GLOBAL, LTD., )<br>)<br>Defendants. )<br>) | **Order** |

**THIS MATTER** is before the Court on the Motion to Dismiss filed by Stone Creek Global, Ltd. (Doc. No. 22), the Motion to Dismiss filed by Stephen Decker (Doc. No. 24), and the Magistrate Judge's Memorandum and Recommendation (M&R) (Doc. No. 34). For the reasons below, the M&R is **ADOPTED**, and the Motions to Dismiss are **GRANTED**.

I. BACKGROUND

In this contract dispute, a party to a loan agreement contests the enforceability of the agreement's forum-selection clause.

Stone Creek Global, Ltd., a company organized under the laws of the British Virgin Islands, entered into a loan agreement with Mushinge Mumena, a resident of North Carolina. Am. Compl. ¶¶ 5, 7, 12, Doc. No. 14; *see* Loan Agreement, Doc. No. 14-1. Stone Creek, represented by Stephen Decker, agreed to loan Mumena $1,000,000 in multiple tranches. Am. Compl. ¶¶ 12–13. As collateral, Mumena pledged shares of stock worth over $3,000,000. *Id.* ¶ 17.

Mumena alleges that Stone Creek and Decker unlawfully sold those shares. *Id.* ¶ 19. To recover the profits from that alleged sale, Mumena filed suit in the Western District of North

Carolina. Stone Creek and Decker moved to dismiss Mumena's Amended Complaint, invoking a forum-selection clause in the loan agreement that specifies the British Virgin Islands as the forum for any litigation arising under the agreement:

> Each of the parties hereto consents to the exclusive jurisdiction of the courts sitting in the British Virgin Islands . . . for the purpose of any suit, action or other proceeding by any party to this Loan Agreement, arising out of or related in any way to this Loan Agreement, the Note, the Pledge Agreement, or any related document.

Loan Agreement § 10.15, Doc. No. 14-1; *see* Stone Creek's Mem. Supp. 4–7, Doc. No. 23; Decker's Mem. Supp. 2, Doc. No. 25.

Based on the forum-selection clause, the M&R recommends granting the Motions to Dismiss. M&R 3, Doc. No. 34. Mumena objects, arguing that the forum-selection clause is unenforceable. Pl.'s Obj. 9–14, Doc. No. 35.

## II. STANDARD OF REVIEW

A district court may assign dispositive pretrial matters, including motions to dismiss, to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(A), (B). The Federal Magistrate Act provides that a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3). However, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). De novo review is also not required "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Id.* Similarly, when no objection is filed, "a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc.*

2

Case 3:22-cv-00268-RJC-SCR   Document 39   Filed 08/22/23   Page 2 of 6

*Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72, advisory committee note).

## III. DISCUSSION

A mandatory forum-selection clause, such as the one in the loan agreement, is accorded a "presumption of enforceability." *BAE Sys. Tech. Sol. & Servs., Inc. v. Republic of Korea's Def. Acquisition Program Admin.*, 884 F.3d 463, 470 (4th Cir. 2018); *see id.* at 472 (stating that mandatory forum-selection clauses "provide that a particular place constitutes the 'sole' or 'only' or 'exclusive' forum"). Such a clause is "'given controlling weight in all but the most exceptional cases,' and the plaintiff bears the burden of proving why it should not be enforced." *Id.* (quoting *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for the W. Dist. of Tex.*, 571 U.S. 49, 63 (2013)).

A plaintiff may overcome the presumption of enforceability by making "a clear showing" that a forum-selection clause is "unreasonable under the circumstances." *Allen v. Lloyd's of London*, 94 F.3d 923, 928 (4th Cir. 1996). That showing may be made using four "factors" that "inform the Court as to the clause's reasonableness." *Gita Sports Ltd. v. SG Sensortechnik GmbH & Co. KG*, 560 F. Supp. 2d 432, 440 (W.D.N.C. 2008).

First, a forum-selection clause may be unreasonable if its "formation was induced by fraud or overreaching." *Allen*, 94 F.3d at 928. Enforcing the clause may also be unreasonable if "the complaining party will for all practical purposes be deprived of his day in court because of the grave inconvenience or unfairness of the selected forum." *Id.* (internal quotation marks omitted). Similarly, if "the fundamental unfairness of the chosen law may deprive the plaintiff of a remedy," enforcing the clause may be unreasonable. *Id.* And, finally, a forum-selection clause may be unreasonable if "enforcement would contravene a strong public policy of the forum state." *Id.*

Mumena concedes that the third factor, the one concerning the availability of a remedy in the selected forum, is not implicated here. Pl.'s Objs. 12, Doc. No. 35. He fails to make a clear showing that the other factors favor nonenforcement of the forum-selection clause.

No alleged fraud justifies nonenforcement. As an initial matter, Mumena does not allege that the forum-selection clause itself was procured by fraud. That alone dooms his argument that the first factor favors nonenforcement.[1] Additionally, while he asserts that he was fraudulently induced to enter into the loan agreement as a whole, Am. Compl. ¶ 9, his allegations are conclusory and lack the particularity required by Rule 9(b), *see* Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."). "Fraud" is generally defined as "[a] knowing misrepresentation or knowing concealment of a material fact made to induce another to act to his or her detriment." *Fraud*, *Black's Law Dictionary* (11th ed. 2019). Mumena's allegations contain no details about any misrepresentations or concealments. Indeed, the allegations fail to identify any actions taken by Stone Creek and Decker that could be considered fraudulent. Despite Mumena's assertion that

---

[1] *See Strauch v. Yellow Corp.*, 2022 WL 5190267, at *1 (M.D.N.C. Apr. 15, 2022) ("To show that a forum-selection clause is unreasonable based on fraud, the party opposing the clause would need to show that inclusion of the forum-selection clause itself was the product of fraud or coercion. Here, [the defendant] has not done so, contending only that the entire agreement was obtained by fraud." (internal quotation marks, alterations, and citations omitted)); *Bassett Seamless Guttering, Inc. v. GutterGuard, LLC*, 2006 WL 156874, at *4 (M.D.N.C. Jan. 20, 2006) ("To show that the forum-selection clause is unreasonable based on fraud, Plaintiff would need to show that inclusion of the forum-selection clause *itself* was the product of fraud or coercion. Plaintiff simply has not done so. Rather, Plaintiff attempts to argue that the entire original agreement and the subsequent amended agreements were all induced by fraud." (citations omitted)); *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 519 n.14 (1974) ("[It is not true] that any time a dispute arising out of a transaction is based upon an allegation of fraud, as in this case, the clause is unenforceable. Rather, . . . an arbitration or forum-selection clause in a contract is not enforceable if the inclusion of that clause in the contract was the product of fraud or coercion."); *Don't Look Media LLC v. Fly Victor Ltd.*, 999 F.3d 1284, 1298 (11th Cir. 2021) ("[The plaintiff's] reliance on the broader alleged fraudulent scheme . . . is a nonstarter." (citing *Scherk*, 417 U.S. at 519 n.14)).

4

the loan agreement was based on fraud, he acknowledges that Stone Creek and Decker "transferred funds to [Mumena] at his Bank of America account." Am. Compl. ¶ 3. And selling Mumena's collateral "without lawful authority," *id.* ¶ 19, would not have been an act of fraud.

Mumena also fails to show that "grave inconvenience or unfairness" would "deprive[] [him] of his day in court." *Allen*, 94 F.3d at 928. In the first place, "[w]hen parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation." *Atl. Marine Constr. Co.*, 571 U.S. at 64. Besides, Mumena himself already "instituted an action in the [British Virgin Islands]." Pl.'s Objs. 11, Doc. No. 35. That undercuts his assertion that litigating in that forum would be too inconvenient or unfair.

Finally, North Carolina public policy does not weigh against enforcement of the forum-selection clause. Although N.C. Gen. Stat. § 22B-3 generally prohibits the enforcement of such clauses, it allows their enforcement when an "action . . . is commenced in another state pursuant to a forum selection provision with the consent of all parties to the contract at the time that the dispute arises." As mentioned above, Mumena sued Stone Creek and Decker in the British Virgin Islands. Pl.'s Objs. 11. Thus, North Carolina public policy does not disfavor enforcement of the forum-selection clause.[2]

---

[2] Even if North Carolina public policy disfavored the clause's enforcement, "this is only one of the factors to be considered when evaluating reasonableness for a forum selection clause, and does not otherwise render a freely negotiated forum selection clause unenforceable." *JML Energy Res., LLC v. Ryder Truck Rental, Inc.*, 2021 WL 1206811, at *2 (W.D.N.C. Mar. 30, 2021); *see also Scholl v. Sagon RV Supercenter, LLC*, 249 F.R.D. 230, 242 (W.D.N.C. 2008) ("[T]he North Carolina statute is not dispositive as to the enforceability of a forum selection clause."); *Gita Sports Ltd. v. SG Sensortechnik GmbH & Co. KG*, 560 F. Supp. 2d 432, 440 (W.D.N.C. 2008) ("[T]he fourth factor is not dispositive."). The "enforcement of valid forum-selection clauses, bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice system." *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for the W. Dist. of*

For these reasons, the Court will enforce the loan agreement's forum-selection clause through the doctrine of *forum non conveniens*. *See Atl. Marine Constr. Co.*, 571 U.S. at 60 ("[T]he appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*.").

IV.     **CONCLUSION**

**IT IS, THEREFORE, ORDERED** that:

1. The M&R (Doc. No. 34) is **ADOPTED**;
2. The Motions to Dismiss filed by Stone Creek Global, Ltd. and Stephen Decker (Doc. Nos. 22 & 24) are **GRANTED**; and
3. The Clerk is directed to close this case.

Signed: August 22, 2023

Robert J. Conrad, Jr.
United States District Judge

---

*Tex.*, 571 U.S. 49, 63 (2013). Weighed against those vital interests, the fourth factor—standing alone—would not be enough to nullify the forum-selection clause in this case.