UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:22-cv-00268-RJC-SCR

| MUSHINGE MUMENA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | ORDER |
| STEPHEN DECKER and STONE CREEK GLOBAL, LTD., | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on Defendants' Motion for Attorney's Fees. (Doc. No. 41). For the reasons below, the motion is **DENIED**.

## I. BACKGROUND

Stone Creek Global, Ltd., a company organized under the laws of the British Virgin Islands, entered into a loan agreement with Mushinge Mumena, a resident of North Carolina. (Doc. No. 14 at ¶¶ 5, 7, 12; Doc. No. 14-1, Loan Agreement at 2). Stone Creek, represented by Stephen Decker, (collectively, "Defendants"), agreed to loan Mumena $1,000,000 in multiple tranches. (Doc. No. 14 at ¶¶ 12–13; Doc. No. 14-1, Loan Agreement § 2.2). As collateral, Mumena pledged shares of stock worth over $3,000,000. (Doc. No. 14 at ¶ 17). Mumena alleges that Defendants unlawfully sold those shares. (*Id.* at ¶ 18–19).

To recover the profits from that alleged sale, Mumena filed suit in the Western District of North Carolina. Defendants moved to dismiss Mumena's Amended

Complaint, invoking a forum-selection clause in the loan agreement that specifies the British Virgin Islands as the forum for any litigation arising under the agreement. (Doc. No. 22 at 1). The motions to dismiss were granted by this Court. (Doc. No. 39 at 1).

## II. DISCUSSION

Defendants filed this Motion, (Doc. No. 41), seeking an award of attorneys' fees under the contractual fee-shifting provisions in the parties' agreement. (Doc. No. 41-1 at 4). Defendants contend attorneys' fees are appropriate pursuant to the following provision of the Loan Agreement:

> Borrower agrees that in the event this Loan Agreement shall be successfully enforced by Lender by suit or otherwise, Borrower will reimburse the Lender or holder or holders of Obligations, upon demand, for all reasonable expenses incurred in connection therewith, including, without limitation, reasonable attorneys' fees and expenses.

(Doc. No. 14-1, Loan Agreement §10.15). Additionally, the Loan Agreement contains an attorneys' fees provision:

> In the event any party hereto shall commence legal proceedings against the other to enforce the terms hereof, or to declare rights hereunder, as the result of a breach of any covenant or condition of this Agreement, the prevailing party in any such proceeding shall be entitled to recover from the losing party its costs of suit, including reasonable attorneys' fees, as may be fixed by the court.

(Doc. No. 14-1, Loan Agreement §10.16).

Defendants move for attorneys' fees pursuant to Federal Rule of Civil Procedure 54(d)(2). The Loan Agreement contemplates that attorneys' fees are appropriate when they are (1) awarded to the prevailing party and (2) reasonable. (*Id.*).

Defendants obtained dismissal of Plaintiff's Complaint under the doctrine of *forum non conveniens*. (Doc. Nos. 34, 39). In general, a defendant who succeeds in obtaining a dismissal on the ground of *forum non conveniens* is not a prevailing party. 10 Moore's Federal Practice–Civil § 54.171 (2024).

Here, Defendants seek $69,185.00 in attorneys' fees. While the motion is unopposed, the Court takes notice that the Plaintiff is now proceeding pro se. Defendants have failed to provide any accounting of fees or a legal analysis regarding how the Court should determine an award of attorneys' fees. Without more to consider, the Court will deny Defendants' Motion without prejudice to refiling.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Defendants' Motion for Attorney's Fees, (Doc. No. 41), is **DENIED without prejudice to refiling**.

**IT IS SO ORDERED**.

Signed: September 11, 2024

Robert J. Conrad, Jr.
United States District Judge